McKay v Gulmatico
2026 NY Slip Op 02977
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Aubu McKay, etc., respondent,
v
Constantino Gulmatico, Jr., etc., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2020-07635, (Index No. 516614/17)
Betsy Barros, J.P.
Paul Wooten
Janice A. Taylor
James P. McCormack, JJ.

Dwyer & Taglia, New York, NY (Peter R. Taglia of counsel), for appellant.
Gucciardo Law Firm, PLLC, Mineola, NY (Paul L. LaClair of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the defendant Constantino Gulmatico, Jr., appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated September 24, 2020. The order, insofar as appealed from, denied that branch of the motion of the defendants Constantino Gulmatico, Jr., and Gulmatico Medical Associates, P.C., which was for summary judgment dismissing the complaint insofar as asserted against the defendant Constantino Gulmatico, Jr.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 26, 2017, the defendant Constantino Gulmatico, Jr., performed a surgical procedure on the plaintiff's decedent, Margaret Hope Cowan (hereinafter the decedent), to insert a permacath. During the course of that procedure, Gulmatico perforated the decedent's left subclavian artery, resulting in bleeding into the mediastinum, followed by the decedent's death later that same day due to hemorrhagic complications.
In August 2017, the plaintiff, Aubu McKay, the decedent's son, individually and as the administrator of the decedent's estate, commenced this action to recover damages for medical malpractice and wrongful death against, among others, Gulmatico and his medical practice, Gulmatico Medical Associates, P.C. (hereinafter Gulmatico Medical). The plaintiff alleged, inter alia, that Gulmatico departed from the accepted standard of care in failing to recognize that the decedent required emergency medical treatment following the procedure to insert the permacath and that Gulmatico's departures were a proximate cause of the decedent's death. Thereafter, Gulmatico and Gulmatico Medical moved, among other things, for summary judgment dismissing the complaint insofar as asserted against Gulmatico. In an order dated September 24, 2020, the Supreme Court, inter alia, denied that branch of the motion. Gulmatico appeals.
"'The elements of a medical malpractice cause of action are a deviation or departure from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Kielb v Bascara, 217 AD3d 756, 756 [internal quotation marks omitted], quoting DiLorenzo v Zaso, 148 AD3d 1111, 1112). "To prevail on a motion for summary judgment in a medical malpractice action, the defendant has the initial burden of establishing either that there [*2]was no departure from accepted community standards of practice or that any alleged departure was not a proximate cause of the plaintiff's injuries" (id.; see Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1090). "'In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden'" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898, quoting Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068). "'Summary judgment is not appropriate . . . [when] the parties [submit] conflicting medical expert opinions because [s]uch conflicting expert opinions will raise credibility issues which can only be resolved by a jury'" (Clinkscales v Tostanoski, 241 AD3d 773, 777, quoting Hall v Bolognese, 210 AD3d 958, 963).
Here, Gulmatico established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting, inter alia, an expert affirmation from Michael G. Persico, who opined that Gulmatico did not depart from the applicable standard of care and that any alleged departures were not a proximate cause of the decedent's death (see Peynado v Woodhull Med. & Mental Health Ctr., 239 AD3d 677, 678; Darrisaw v Interfaith Med. Ctr., 238 AD3d 1111, 1112).
In opposition, however, the plaintiff's expert affidavit from Michael S. Weingarten raised triable issues of fact as to whether Gulmatico departed from the accepted standard of care by failing to perform surgery himself to address the decedent's bleeding condition when a thoracic surgeon was not available and by leaving the hospital before the decedent's emergency condition had been adequately addressed and whether Gulmatico's alleged departures were a proximate cause of the decedent's death (see Mehtvin v Ravi, 180 AD3d 661, 663; Videnovic v Goodman, 54 AD3d 937, 940).
Contrary to Gulmatico's contention, the plaintiff's assertions that Gulmatico departed from the accepted standard of care by failing to perform surgery to address the decedent's bleeding condition and by leaving the hospital before the decedent's emergency condition was adequately addressed were not new theories of liability asserted for the first time in opposition to the motion for summary judgment (see Alao v Richmond Univ. Med. Ctr., 213 AD3d 722, 724). Rather, those theories of liability "merely expounded upon the allegations in the bill of particulars" (Cox v Herzog, 192 AD3d 757, 759), which alleged that Gulmatico departed from the accepted standard of care by, among other things, "failing to treat [the] bleeding," "failing to follow up emergently," and "failing to ensure that a timely thoracic consult was done."
Accordingly, the Supreme Court properly denied that branch of the motion of Gulmatico and Gulmatico Medical which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against Gulmatico.
"Damages in a wrongful death action are limited to pecuniary injuries of the decedent's estate" (Bacchus-Sirju v Hollis Women's Ctr., 196 AD3d 670; see EPTL 5-4.3). "Loss of support, voluntary assistance . . . as well as medical and funeral expenses incidental to death, are injuries for which damages may be recovered" (Gonzalez v New York City Hous. Auth., 77 NY2d 663, 668). Here, Gulmatico failed to establish, prima facie, that the decedent's distributees suffered no pecuniary losses from the alleged wrongful death of the decedent (see Mazella v Hauser, 142 AD3d 1055, 1057). Accordingly, the Supreme Court properly denied that branch of the motion of Gulmatico and Gulmatico Medical which was for summary judgment dismissing the cause of action alleging wrongful death insofar as asserted against Gulmatico, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court